JOHNSON, Senior Circuit Judge:
 

 This case arises on appeal following a jury verdict in favor of defendant-appellee Spring Hill College (“Spring Hill”) on plaintiff-appellant Jennifer Wood’s claim that Spring Hill discriminated against her on the basis of her handicap, in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794 (West Supp.1992) (“section 504”). On appeal, Wood raises four challenges to the jury instructions given by the district court. For the reasons that follow, we affirm the district court’s entry of judgment in accordance with the jury verdict.
 

 I. BACKGROUND
 

 On Friday, January 6, 1989, Jennifer Wood and her mother visited the Spring Hill campus for the purpose of enrolling Jennifer in the college. During their visit, Spring Hill admissions counselor Tim Host told Wood that she was admitted to Spring Hill, and the college later confirmed the admission by letter. Wood moved into a Spring Hill dormitory room on the following Sunday, registered for classes on Monday, and attended classes from Tuesday, January 10th, through Friday, January 13th, 1989. On the following Monday, Wood withdrew from Spring Hill and did not return to classes.
 

 The parties vigorously dispute the circumstances of Wood’s withdrawal. According to Wood, her withdrawal was in fact a constructive dismissal. Specifically, Wood alleged that the college began treating her in a hostile manner upon learning that she had been diagnosed as schizophrenic.
 
 [1]
 
 Wood argued that she was made to feel so unwelcome at Spring Hill in her week there that she felt compelled to withdraw.
 

 Spring Hill claimed that the only action the school took regarding Wood was to encourage Wood to defer her admission until the fall semester so that she could take Spring Hill’s remedial summer classes. Spring Hill asserted that this action was motivated solely by its discovery that Host had erred in admitting Wood. Spring Hill claimed that Wood met none of the college’s admission standards,
 
 [2]
 
 and that
 
 *1218
 
 serious questions existed as to Wood’s ability to meet Spring Hill’s academic demands.
 
 [3]
 
 Despite the mistake, Spring Hill claimed that it was prepared to honor its admissions decision at all times. According to Spring Hill, a position was even held open for Wood in its summer and fall programs after Wood withdrew from the spring session.
 
 [4]
 

 On May 16, 1989, Wood brought an action in federal district court against Spring Hill College. In her final amended complaint, Wood asserted a federal claim for violation of section 504 of the Rehabilitation Act,
 
 [5]
 
 and various pendent state law claims. On August 1, 1991, following a three-day trial, Wood’s section 504 claim and state law claim for breach of duty
 
 [6]
 
 were submitted to a jury. The jury returned its verdict in favor of Spring Hill on both claims. Wood then brought this appeal challenging the jury instructions on the section 504 claim.
 
 [7]
 

 II. STANDARD OF REVIEW
 

 This Court reviews jury instructions to determine whether the instructions objected to below create a “substantial and ineradicable doubt” that the jury may have been misled in its deliberations.
 
 McElroy v. Firestone Tire & Rubber Co.,
 
 894 F.2d 1504, 1509 (11th Cir.1990) (quoting
 
 National Ind. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc.,
 
 747 F.2d 1396, 1402-03 (11th Cir.1984),
 
 cert. denied,
 
 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985)). For those instructions that Wood challenges for the first time on appeal, however, this Court applies the plain error standard of review.
 
 See Electro Servs. Inc. v. Exide Corp.,
 
 847 F.2d 1524, 1529 (11th Cir.1988). To merit relief under the plain error standard,-the instruction must be likely to have led to an incorrect verdict, resulting in substantial injustice.
 
 Id.
 

 III. DISCUSSION
 

 On appeal, Wood challenges’ four aspects of the district court’s jury instructions. First, Wood claims that the district court erred in instructing the jury that it must find “intentional discrimination or discriminatory animus” on the part of Spring Hill in order to find for Wood. Second, Wood challenges the district court’s instruction that the term “solely” as used in section 504 required a verdict for Spring Hill if any factor other than handicap motivated Spring Hill’s actions toward Wood. Third, Wood argues that the district court should have instructed the jury on the duty of Spring Hill to afford Wood “reasonable accommodation” of her handicap. Finally, Wood asserts that the district court committed reversible error by failing to instruct the jury on the shifting burdens of proof in Title VII cases. We address each of these challenges in turn.
 

 A.
 
 The “Intentional Discrimination or Discriminatory Animus” Instruction
 

 In its charge to the jury on section 504, the district court instructed:
 

 
 *1219
 
 In order to recover damages under this section, the plaintiff must prove____that such dismissal was the result of intentional discrimination or discriminatory animus ... on the part of the defen-dant____ The term discriminatory animus means prejudice, spite, or ill will.
 

 On appeal, Wood challenges two aspects of this instruction. First, Wood argues that she was not required to prove “intentional discrimination” as an element of her discrimination claim. Second, Wood argues that “discriminatory animus” and its definition should not have appeared in the jury charge.
 

 At the outset, we note that the sufficiency of Wood’s objection at trial to the use of the term “intentional discrimination” is questionable. At trial, Wood’s counsel objected to the instruction on the grounds that the instruction would preclude Wood from obtaining a declaratory judgment and attorney fees in the event that the jury found unintentional discrimination. On appeal, Wood has abandoned that rationale for the objection in favor of a new theory that intentional discrimination is not a required element in a section 504 action to recover compensatory damages. On appeal, this Court generally will address the sufficiency of jury instructions only on those grounds that are raised properly below.
 
 See St. Joe Paper Co. v. Hartford Accident & Indem. Co.,
 
 376 F.2d 33, 34 (5th Cir.),
 
 cert. denied,
 
 389 U.S. 828, 88 S.Ct. 91, 19 L.Ed.2d 86 (1967).
 
 [8]
 
 The sufficiency of the trial court objection is particularly doubtful in light of the fact that Wood’s counsel twice agreed with the district court that a showing of intentional discrimination was required to recover compensatory damages.
 
 See Electro Serv., Inc.,
 
 847 F.2d at 1528. However, we need not resolve the question of whether Wood’s objection was sufficient to preserve this issue for appeal, because we conclude that the district court’s instruction on intentional discrimination was an accurate reflection of the law in this Circuit.
 

 To be sure, the extent to which money damages are available as a remedy in section 504 actions is not a settled issue in the Eleventh Circuit.
 
 See Consolidated Rail Corp. v. Darrone,
 
 465 U.S. 624, 630, 104 S.Ct. 1248, 1252, 79 L.Ed.2d 568 (1984) (refusing to decide extent to which money damages are available under section 504);
 
 Manecke v. School Bd. of Pinellas County, Fla.,
 
 762 F.2d 912, 921 n. 8 (11th Cir. 1985) (agreeing that law on available remedies for section 504 violations is “murky question”),
 
 cert. denied
 
 474 U.S. 1062, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986).
 
 [9]
 
 However, this Circuit has held that plaintiffs who proceed under a theory of disparate treatment in section 504 actions must prove intentional discrimination or bad faith in order to recover compensatory damages.
 
 See Georgia State Conference of Branches of NAACP v. Georgia,
 
 775 F.2d 1403, 1427-28 (11th Cir.1985). As a general matter, good faith attempts to pursue legitimate ends are not sufficient to support an award of compensatory damages under section 504.
 
 Cf. Powell v. Defore,
 
 699 F.2d 1078, 1082 (11th Cir.1983). In addition, controlling precedent on Title VI remedies, made applicable to section 504 actions under the Rehabilitation Act,
 
 [10]
 
 indicates that compensatory damages are precluded in cases of unintentional discrimination, but are permissible on a showing of intentional
 
 *1220
 
 discrimination.
 
 See Guardians Ass’n v. Civil Serv. Comm’n,
 
 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983);
 
 Franklin v. Gwinnett County Public Schools,
 
 911 F.2d 617, 621 (11th Cir.1990),
 
 rev’d on other grounds,
 
 — U.S. —, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992);
 
 Manecke,
 
 762 F.2d at 922 n. 8.
 
 Cf. Franklin v. Gwinnett County Public Schools,
 
 — U.S. —, 112 S.Ct. 1028, 1035, 117 L.Ed.2d 208 (1992) (noting that “a clear majority” in
 
 Guardians Ass’n
 
 would allow damages in actions for intentional violations of Title VI). Therefore, the district court’s instruction did not constitute reversible error.
 

 Wood also objected to the inclusion of the term “discriminatory animus” and its definition in the instruction. Because Wood did not object to the term “discriminatory animus” or its definition at trial,
 
 [11]
 
 she has not properly preserved this argument for appeal. Therefore, the challenge to this instruction will be reviewed only for plain error.
 
 Southern Natural Gas Co. v. Wilson,
 
 304 F.2d 253, 261 (5th Cir.1962). In this regard we note that the district court worded the instruction in alternative language (“intentional discrimination
 
 or
 
 discriminatory animus”). Therefore, the jury could have found for Wood on a showing of intentional discrimination alone. Because the jury rejected Wood’s claim even under the lesser requirement of intentional discrimination, the “discriminatory animus” instruction, even if erroneous, was harmless and not likely to mislead the jury into returning an incorrect verdict.
 
 See
 
 Fed.R.Civ.P. 61;
 
 Cavalier Carpets, Inc. v. Caylor,
 
 746 F.2d 749, 758-59 (11th Cir.1984).
 

 B. ’
 
 The “Solely by Reason of Handicap” Instruction
 

 In its discussion of the elements necessary to show a section 504 violation, the district court instructed the jury:
 

 Now, in order for you to return a verdict in favor of the plaintiff ... you must find by a preponderance of the evidence that Jennifer Wood was denied access from [Spring Hill] College’s spring 1989 semester term solely on the basis of her handicap and for no other reason.
 

 In the event that you find by a preponderance of the evidence that [Spring Hill] College’s recommendation that Jennifer Wood withdrew [sic] from 1989 spring semester term and attend the summer development program was based at least in part on reasons [other] than the [sic] Jennifer Wood’s mental handicap then there would be no violation of the section 504 Rehabilitation Act and you must return a verdict in favor of [Spring Hill] College.
 

 This instruction reflected the district court’s interpretation of section 504’s prohibition on discrimination “solely by reason of ... handicap.” 29 U.S.C.A. § 794(a) (West Supp.1992).
 

 Wood argues that the use of the terms “solely,” “for no other reason” and “based at least in part on reasons other than Jennifer Wood’s mental handicap” in the instruction impermissibly precluded her recovery in the event that the jury found that Spring Hill harbored mixed motives in acting against her. Wood argues that the word “solely” in the context of the Rehabilitation Act should not be interpreted literally because to do so would undermine the purpose of the statute. Rather, Wood argues that the statute should be interpreted to mean that liability will attach if handicap was merely “a significant factor” in the defendant’s decision to act against a handicapped plaintiff.
 
 Cf. Severino v. North Fort Myers Fire Control Dist.,
 
 935 F.2d 1179, 1183-84 (11th Cir.1991) (Kravitch, J., dissenting) (arguing that section 504 prohibits actions against a handicapped individual in which “the most significant factor” or “but for” cause of the action is the defendant’s consideration of the individual’s handicap).
 

 We need not resolve the precise meaning that should attach to section 504’s use of the term “solely” at this time. At trial,
 
 *1221
 
 Wood did not object to the use of the phrases “for no other reason,” or “based at least in part on reasons other than Jennifer Wood’s handicap.” In addition, Wood failed to object properly to the use of the term “solely.” Although one of Wood’s attorneys objected to the word “solely” at the first jury charge conference, he failed to give any grounds for his objection even when specifically requested to do so by the district judge. Moreover, Wood’s other attorney stated later in the same conference, “I don’t have any problem with solely on the basis of her handicap.” Neither attorney elaborated further on the grounds for the original objection, and neither counsel renewed the objection at the second charge conference.
 

 A reviewing court need only consider whether a challenged instruction was sufficient as to the grounds “distinctly stated by the appellant in the District Court.”
 
 St. Joe Paper Co.,
 
 376 F.2d at 34; Fed.R.Civ.P. 51. An objection unaccompanied by a specific statement as to the grounds for the objection will not suffice to preserve the issue for appeal.
 
 Gorsalitz v. Olin Mathieson Chemical Corp.,
 
 429 F.2d 1033, 1040 (5th Cir.1970),
 
 cert. denied,
 
 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972). Because the district court had no reason to be aware of the nature of Wood’s objection to the term “solely,” Wood was under an obligation to renew her objection and to supply proper grounds in order to preserve the objection on appeal.
 
 See Industrial Develop. Bd. of Town of Section, Ala. v. Fuqua Indus., Inc.,
 
 523 F.2d 1226, 1238 (5th Cir.1975) (appellate court must be sure that trial court was adequately informed as to the parties’ positions before it forgives a failure to object as futile or unavailing). Therefore, this Court’s review of the instruction is limited to a search for plain error.
 

 Although this Circuit has often stated that plaintiffs proceeding under section 504 must prove discrimination “solely” on the basis of handicap, we have not yet explicitly defined the meaning of the term “solely.”
 
 See Harris v. Thigpen,
 
 941 F.2d 1495, 1522 (11th Cir.1991);
 
 Severino,
 
 935 F.2d at 1182-83;
 
 United States v. Board of Trustees for Univ. of Ala.,
 
 908 F.2d 740, 750 (11th Cir.1990). At best, Wood’s argument would require a modification or clarification in Eleventh Circuit section 504 jurisprudence. A district court’s reasonable interpretation of an uncertain and evolving area of law will not constitute plain error.
 
 Osterneck v. E.T. Barwick Indus., Inc.,
 
 825 F.2d 1521, 1533 (11th Cir.1987),
 
 aff'd,
 
 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). The district court’s instruction in this case fits that description.
 
 [12]
 

 C.
 
 Failure to Instruct on “Reasonable Accommodation’’
 

 On meeting the standard for an “otherwise qualified” individual under section 504, the district court charged the jury:
 

 Before you consider the question of discrimination you must determine by a preponderance of the evidence that Jennifer Wood was an otherwise qualified student. If you determine that Jennifer • Wood was not an otherwise qualified student then you cannot find that [Spring Hill] College violated Section 504 of the Rehabilitation Act. In order for you to [return] a verdict under Section 504 you must find by a preponderance of the evidence that Jennifer Wood met the academic requirements of the . .•. College. If you find Jennifer Wood was not academically qualified] for admission to [Spring Hill] College in the spring of 1989 then you cannot find that [Spring Hill] College violated Section 504 of the Rehabilitation Act.
 

 Wood argues that this instruction was defective on two grounds.
 
 [13]
 
 First, Wood
 
 *1222
 
 challenges the instruction because it did not include a statement as to the duty of Spring Hill to “reasonably accommodate” her handicap, and an instruction that the jury should consider reasonable accommodations in determining whether she was otherwise qualified to attend school there. Second, Wood objects to the instruction requiring the jury to find that she was academically qualified for
 
 admission.
 
 Wood argues that she should have been allowed to show only that she was otherwise qualified for Spring Hill’s educational
 
 program.
 

 Although Wood did not include a charge on reasonable accommodation in the proposed jury instructions she submitted to the district court, Wood’s counsel did orally request such a charge in the first jury charge conference. Where the trial court has been clearly orally informed of the point involved, a requested instruction that the court refused to give need not be submitted in writing to be subject to review. Wea
 
 thersby v. Gore,
 
 556 F.2d 1247, 1255-56 (5th Cir.1977). In considering the failure of a district court to give a requested instruction, the omission is error only if the requested instruction is correct, not adequately covered by the charge given, and involves a point so important that failure to give the instruction seriously impaired the party’s ability to present an effective case.
 
 Adams v. Sewell,
 
 946 F.2d 757, 767 (11th Cir.1991);
 
 United States v. Hill,
 
 935 F.2d 196, 200 (11th Cir.1991).
 

 The standard for determining whether an individual is “otherwise qualified” under section 504 will generally include consideration of whether reasonable accommodations would make the handicapped person qualified.
 
 See, e.g., Harris v. Thigpen,
 
 941 F.2d 1495, 1525 (11th Cir.1991);
 
 Lussier v. Dugger,
 
 904 F.2d 661, 668-69 (11th Cir.1990);
 
 Arline,
 
 772 F.2d 759 at 760 n. 2 (11th Cir.1985),
 
 aff'd
 
 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). In this case, however, the district court’s failure to instruct on the duty of reasonable accommodation was not so important that it “seriously impaired” Wood’s ability to present her case, thereby requiring reversal.
 
 See Adams,
 
 946 F.2d at 767. Even viewing the evidence in the light most favorable to Wood, it is clear that reasonable accommodation was simply not an issue in this case. Wood never alleged, much less established, that she demanded any reasonable academic accommodations from the college because of her handicap. Therefore, the failure to instruct on the issue was not reversible error.
 

 In her second objection to this instruction, Wood argues that the district court should have instructed the jury to consider whether Wood was qualified for Spring Hill’s educational program, and not whether she was qualified for admission to Spring Hill. At trial, Wood’s counsel objected to the district court’s requirement that Wood show she was otherwise qualified for admission at Spring Hill. Therefore, the proper standard of review is for “substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations.”
 
 McElroy,
 
 894 F.2d at 1509.
 

 The standards that Spring Hill has set for admission to its academic program are entitled to deference as the correct statement of the academic qualifications needed to perform at Spring Hill.
 
 See Southeastern Community College v. Davis,
 
 442 U.S. 397, 413, 99 S.Ct. 2361, 2370, 60 L.Ed.2d 980 (1979) (educational
 
 *1223
 
 institutions need not lower or substantially modify their standards to accommodate a handicapped person);
 
 Doe v. New York University,
 
 666 F.2d 761, 776 (2d Cir.1981) (institutions of higher education should be given considerable deference in admissions determinations “absent proof that its standards and its application of them serve no purpose other than to deny an education to handicapped persons”). There is no question that Wood failed to meet these standards. The trial court’s instruction that the jury determine whether Wood was qualified for admission was intricately related to the question of whether Wood was qualified for Spring Hill’s academic program. Thus, the trial court’s instruction does not give rise to the “substantial” or “ineradicable” doubt necessary to require reversal.
 
 See McElroy,
 
 894 F.2d at 1509.
 

 D.
 
 Failure to Instruct on the Shifting Burdens in Title VII Cases
 

 Wood argues that the district court should have described to the jury the “parties’ elements of proving discrimination under
 
 McDonnell Douglas Corp. v. Green,
 
 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973), and
 
 Texas Dept. of Community Affairs v. Burdine,
 
 450 U.S. 248 [101 S.Ct. 1089, 67 L.Ed.2d 207] (1982).” However, Wood neither requested this instruction nor objected to its omission at trial. Moreover, Wood’s own requested instructions mirrored the district court’s instruction in providing that the burden of proof was on Wood in her section 504 claim. Federal courts generally will not find that a particular instruction constitutes plain error if the objecting party invited the alleged error by requesting the substance of the instruction given.
 
 See Equal Employment Opportunity Comm’n v. Mike Smith Pontiac GMC, Inc.,
 
 896 F.2d 524, 528 (11th Cir.1990);
 
 Crockett v. Uniroyal, Inc.,
 
 772 F.2d 1524, 1530 n. 4 (11th Cir.1985). Nor may a party generally assign as error the district court’s failure to give an instruction that was never requested.
 
 See Bissett v. Ply-Gem Indus., Inc.,
 
 533 F.2d 142, 145 (5th Cir.1976);
 
 Grey v. First Nat’l Bank Dallas,
 
 393 F.2d 371, 386 (5th Cir.),
 
 cert. denied
 
 393 U.S. 961, 89 S.Ct. 398, 21 L.Ed.2d 374 (1968). In short, Wood has waived any challenge to the instruction as given by the district court.
 
 See
 
 Fed.R.Civ.P. 51;
 
 Burdis v. Texas & Pacific Ry. Co.,
 
 569 F.2d 320, 324 (5th Cir.1978).
 

 IV. CONCLUSION
 

 For the foregoing reasons, the judgment in favor of defendant Spring Hill College is AFFIRMED.
 

 [1]
 

 . Spring Hill apparently learned of Wood's diagnosis early in the first week of classes when Wood’s roommate’s father called the school demanding that his daughter not be assigned to live with a schizophrenic. Wood was then transferred to a different dormitory room. Wood alleged that following this action, school officials began making hostile remarks to her about her mental condition and pressuring her to leave. Spring Hill denied making any discriminatory statements to Wood, but conceded making the room transfer.
 

 [2]
 

 . At trial, a vice president at Spring Hill College testified that he discovered the mistake in a review of Wood’s file. Spring Hill introduced evidence to show that Wood did not meet its admissions standards either as a transfer student or as an incoming freshman. Spring Hill’s admissions standards for a transfer student require 20 hours of completed college credit with at least a 2.0 average, which Wood did not claim to have. Nor did Wood meet the requirements for an incoming freshman, because her GED scores were below Spring Hill’s admissions requirement, and because she had not taken ei
 
 *1218
 
 ther the ACT or SAT standardized college admission tests.
 

 [3]
 

 . Wood’s college history revealed a pattern of difficulty in successfully completing college courses. Of 22 college level courses that Wood had previously enrolled in, Wood successfully completed only six. Wood flunked or received unsatisfactory marks in four other classes, and withdrew from the remaining 12 classes before she completed them. In addition, Spring Hill introduced evidence that Wood performed poorly on an English placement test and had deficient math skills.
 

 [4]
 

 . Wood did not return to either session.
 

 [5]
 

 . Section 504 provides in relevant part: “No otherwise qualified individual with handicaps in the United States ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....” 29 U.S.C.A. § 794(a) (West Supp. 1992).
 

 [6]
 

 . The other state law claims were disposed of by stipulation, dismissal, or directed verdict in favor of Spring Hill prior to the conclusion of trial. Wood does not dispute the disposition of any of these pendent claims on appeal.
 

 [7]
 

 . Wood does not appeal the verdict against her on the breach of duty claim.
 

 [8]
 

 . Because Wood has not raised the issue of - declaratory judgment or attorney fees on appeal, we need not address the validity of Wood’s original grounds for objection.
 
 See Palciauskas v. INS,
 
 939 F.2d 963, 967 n. 9 (11th Cir.1991).
 

 [9]
 

 . This Court has held that persons proceeding under section 504 against the
 
 federal government
 
 for employment discrimination may not recover compensatory or punitive damages.
 
 See Lengen v. Department of Transp.,
 
 903 F.2d 1464, 1468 (11th Cir.1990). However, that holding is limited to discriminatory employment actions by the federal government under 29 U.S.C.A. § 791 (West Supp.1992).
 
 Compare 29
 
 U.S.C.A. § 794a(a)(1) (West 1985)
 
 with 29
 
 U.S.C. § 794a(a)(2) (West 1985). Wood is proceeding against a federal fund recipient, not against the federal government itself. Therefore,
 
 Lengen
 
 does not control Wood's claim.
 

 [10]
 

 . The Rehabilitation Act provides that the "remedies, procedures, and rights” available in Title VI actions shall be available to plaintiffs proceeding under section 504 against federal ■ fund recipients.
 
 See 29
 
 U.S.C.A. § 794a(a)(2) (West 1985).
 

 [11]
 

 . In fact, the jury charge defining "animus” did not appear in the instructions until Wood requested a charge on "what is animus.” Once the district court complied, Wood failed to object at trial to the substance of the charge as given.
 

 [12]
 

 . Contrary to Wood’s assertions, the Rehabilitation Act’s adoption of Title VI “remedies, procedures, and rights” to section 504 claims does not control the disposition of this issue. As Spring Hill points out, Title VI does not contain the word "solely," and therefore Title VI jurisprudence does not control this aspect of our interpretation of section 504.
 
 See Moore v. Sun Bank of N. Fla.,
 
 923 F.2d 1423, 1425-29 (11th Cir.1991).
 

 [13]
 

 . Wood also claims for the first time on appeal that the instruction should have stated that she must meet the
 
 essential
 
 academic and technical
 
 *1222
 
 requirements of Spring Hill’s program, but not
 
 all
 
 of the academic and technical requisites of the college admissions criteria, as Wood claims the district court's instructions implied.
 
 See School Bd. of Nassau County v. Arline,
 
 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987) ("In the employment context, an otherwise qualified person is one who can perform 'the essential functions' of the job in question.’’). Although the instruction may not have fully incorporated the “essential functions" approach of
 
 Arline
 
 for employment cases, the difference between the charge given and the charge Wood claims should have been given does not rise to the level of plain error.
 
 See Electro Servs.,
 
 847 F.2d at 1529. The basic test for determining whether a plaintiff is "otherwise qualified” continues to be whether the individual “is able to meet all of a program's requirements in spite of his handicap."
 
 Arline,
 
 480 U.S. at 287 n. 17, 107 S.Ct. at 1131 n. 17 (quoting
 
 Southeastern Community College v. Davis,
 
 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979)).