WILSON, Circuit Judge,
concurring in result:
I agree with the result reached in today’s opinion because I agree that Mr. Conroy was not prejudiced by the trial court’s refusal to give his requested pretext instruction. I write separately be *1236 cause, unlike the majority, I am persuaded by decisions of other circuits that present strong reasons for requiring a pretext instruction. See Townsend v. Lumbermens Mut. Cas. Co., 294 F.3d 1232, 1241 (10th Cir.2002); Smith v. Borough of Wilkinsburg, 147 F.3d 272, 280 (3d Cir.1998); Cabrera v. Jakabovitz, 24 F.3d 372, 382 (2d Cir.1994).
The Supreme Court has twice felt it necessary to clarify the confusion among the differing approaches to pretext analysis in discrimination cases. See Kline v. Tenn. Valley Auth., 128 F.3d 337, 343 (6th Cir.1997) (discussing three distinct approaches to proving pretext). In St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), the Court said, “The factfinder’s disbelief of the reasons put forward by the defendant ... may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant’s proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination.... ” Id. at 511, 113 S.Ct. 2742 (footnote omitted). In Hicks, the Court flatly rejected the so-called “pretext-plus” approach to discrimination analysis, which had required the plaintiff not only to demonstrate that the employer’s asserted reasons were pretex-tual, but also to introduce additional evidence of discrimination. See id; see also Kline, 128 F.3d at 343-44 (discussing effect of Hicks on circuit split).
Despite the Court’s holding in Hicks, federal courts did not abandon the “pretext-plus” theory. In Reeves v. Sanderson Plumbing Prods., Inc., 197 F.3d 688 (5th Cir.1999) (per curiam), the Fifth Circuit reversed a jury verdict in favor of plaintiff-employee because employee failed to present sufficient additional evidence that the employer acted out of discriminatory animus. The Supreme Court reversed, explaining that Hicks forbade summary judgment for a defendant where the plaintiff, after satisfying the requirements of a prima facie case, presented evidence that the defendant’s proffered explanation was pretextual. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-49, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
As these cases demonstrate, this has been a difficult matter for courts, a likely indication that it will also be difficult for jurors. The majority correctly notes that this Circuit, both before and after Reeves, permitted a jury to infer discrimination if it disbelieved the employer’s stated reasons for termination. However, I consider the danger great that a jury might make the same mistake that many courts continued to make even after Hicks. Jurors are likely to be confused where, as here, the law the jury should have been instructed on has proven too difficult even for federal courts to discern without repeated guidance from the Supreme Court. Thus, in my view, if a party requests an instruction on pretext, the district court must give one.
I agree with the majority that failure to give a requested pretext instruction warrants reversal only if such failure prejudi-cially harms the requesting party. See Wood v. President & Tr. of Spring Hill Coll. in the City of Mobile, 978 F.2d 1214, 1222 (11th Cir.1992).
In this case, the district court ensured that the jury adequately understood the complex issues involved. Specifically, the district court permitted counsel to argue the substantive law of Reeves and Hicks in arguments before the jury.[1] While argu *1237 ments of counsel are an imperfect substitute for explicit instruction provided by the court, see Starr v. United States, 153 U.S. 614, 626, 14 S.Ct. 919, 38 L.Ed. 841 (1894) (“[T]he influence of the trial judge on the jury is necessarily and properly of great weight, and ... his lightest work or intimation is received with deference, and may prove controlling.”), in this case, such arguments mitigated any harm that may have resulted from inadequate jury instruction.
Moreover, the uncontroverted evidence at trial was that Mr. Conroy’s position was filled by a man older than Mr. Conroy. The evidence also demonstrated that Mr. Conroy failed to meet Abraham Chevrolet’s standards for commercial sales. In light of this evidence, it is probable that the jury chose to believe the reasons articulated by Abraham Chevrolet for Mr. Con-roy’s discharge. Thus, while I believe that the district court erred in refusing to give the requested pretext instruction, there was no prejudicial harm in this cáse.
Providing the jurors clarification on a point of law that has eluded federal courts until quite recently is more than appropriate. It should be required. Where requested, I believe it is error to refuse to give a pretext instruction..

. The majority opinion also reasons that the district court's charge to the jury, including instructions on burden of proof, credibility of witnesses and reasonable inferences drawn from introduced evidence, also ensured that the jury adequately understood the law. I am not persuaded that these instructions were sufficient to inform the jury that it could infer *1237 discrimination if it disbelieved the employer’s stated reasons for termination.
The district court instructed that Mr. Con-roy must prove by a preponderance of the evidence that the defendant intentionally discriminated against him on the basis of his age. A rational juror might very well interpret such an instruction to require affirmative proof of discriminatory intent. In other words, in Mr. Conroy's case, a rational juror might have concluded that, while Mr. Conroy successfully demonstrated that Abraham Chevrolet's proffered reason for discharging him was pretextual, Mr. Conroy could not prevail for having failed to offer any credible evidence directly suggesting a discriminatory animus. Combined with the district court's instruction on business judgment, which explained to the jury that it could not second guess Abraham Chevrolet’s legitimate business motives, it is not difficult to see how a jury might have been dissuaded from finding discrimination even if it disbelieved Abraham Chevrolet's proffered reasons for discharge.
The district court also instructed the jury on reasonable inferences jurors are entitled to make based upon common sense. However, such an instruction does not mean that the jury will know without being told that its disbelief in the employer's proffered reason may be evidence that will support a finding of intentional discrimination. In light of the amount of case law dedicated to shaping and refining the discrimination law into its present form, it would be disingenuous to argue that the application of the law is nothing more than a matter of common sense.
Finally, the district court instructed the jury that it could discredit a witness's testimony if it found the testimony inconsistent or unbelievable. This instruction, however, merely allowed the juror to disbelieve a particular witness. It said nothing about what the jury may do or infer once the jurors had decided to disbelieve the employer’s proffered reason.