[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11403
Non-Argument Calendar

_____

D. C. Docket No. 07-80083-CV-LRJ

M.D. RANDY T. WARNER,

Plaintiff-Appellant,

versus

COLUMBIA/JFK MEDICAL CENTER, LLP,
d.b.a. JFK Medical Center,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 30, 2008)**

Before ANDERSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Randy Warner appeals the judgment entered on a jury verdict in favor of

Colombia/JFK Medical Center in his employment discrimination and retaliation action, brought pursuant to 42 U.S.C. § 1981. For the reasons that follow, we affirm.

Warner, a black psychiatrist recruited by the Medical Center for a position as a psychiatrist on the hospital's medical staff, filed a § 1981 action alleging discrimination and retaliation during the hospital's credentialing process. According to the record, after being recruited for a position with the hospital, Warner relocated his practice to Florida and began the credentialing process. The terms of Warner's employment contract provided that his position was contingent upon him receiving privileges at the Medical Center. Warner submitted an application for privileges and was called for an interview. Dissatisfied with the interview process, Warner accused various hospital administrators and members of the credentialing committee of discrimination. Although the committee initially voted to grant privileges, after Warner expressed his outrage at the way he thought he was treated, the committee concluded that they would be unable to engage in a working relationship with Warner and it denied privileges. As a result, Warner lost his employment with the hospital.

The case proceeded to a jury trial before a magistrate judge. When the parties submitted proposed jury instructions, Warner objected to the Medical

2

Center's proposed instruction 16, which stated, in relevant part, "[t]he decision here to deny employment to the plaintiff was made not by an individual but by a Committee. Under those circumstances, it is not enough for the plaintiff to prove that a single person was unlawfully motivated by race or retaliation. Instead, plaintiff must prove that a majority of the Committee were unlawfully motivated by race or retaliation." To signify his objection, Warner identified this proposed instruction in bold typeface. He did not, however, submit any written objection.

At the charge conference, Warner stated that the instruction should not be given because "I think the last paragraph is certainly arguing Defendant's case." The Medical Center responded that the proposed instruction would clarify a missing element of the pattern instructions and was crucial to its case. Warner raised no other objection, and the court instructed the jury per the proposed instruction. The jury found in favor of the Medical Center, specifically finding that Warner did not engage in a protected interest and that neither race nor retaliation was a substantial or motivating factor in the committee's decision.

In his appeal, Warner challenges the proposed jury instruction as an inaccurate statement of the law. He contends the instruction applied to cases brought pursuant to 42 U.S.C. § 1983, but that § 1981 cases applied different law.

We accord the trial judge "wide discretion as to the style and wording

3

employed" in jury instructions. Carter v. DecisionOne Corp., 122 F.3d 997, 1005 (11th Cir. 1997) (citing Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1543 (11th Cir. 1996)). "This court examines jury instructions as a whole to determine whether they fairly and adequately addressed the issue and correctly stated the law." Christopher v. Cutter Laboratories, 53 F.3d 1184, 1190 (11th Cir. 1995).

Under Federal Rule of Civil Procedure ("Rule") 51, "no party may assign as error an instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter objected to and the grounds of the objection*." Fed. R. Civ. P. 51 (emphasis added). This court interprets Rule 51 strictly; thus, a party must to object to a jury instruction prior to jury deliberations in order to preserve the issue on appeal. Landsman Packing Co. v. Continental Can Co., 864 F.2d 721, 726 (11th Cir. 1989) (citation omitted). The failure to make a timely objection waives the right to raise the issue on appeal. See Wood v. President of Spring Hill College, 978 F.2d 1214, 1221 (11th Cir. 1992); Golub v. J.W. Gant & Assocs., 863 F.2d 1516, 1521 (11th Cir. 1989). This requirement ensures that a trial judge has an opportunity to correct any error before a jury has begun its deliberations. See Landsman, 864 F.2d at 726 (citation omitted). There is a plain error exception to this rule that permits a court to consider an issue "where it is necessary to 'correct a fundamental error or prevent a miscarriage of justice."

Landsman, 864 F.2d at 726 (citation omitted); see also Wood, 978 F.2d at 1221.

Here, a review of the record confirms that, although Warner's objection at trial was timely under Rule 51, he failed to state "distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. P. 51. Warner did not explain the grounds for his objection and his argument at the charge conference failed to put the court on notice of the grounds or to give the court an opportunity to correct any error. Bendiburg v. Dempsey, 19 F.3d 557, 562 (11th Cir. 1994). Accordingly, Warner has waived his argument that the instruction was erroneous.

Even if we were to apply the plain error exception, Warner cannot show plain error.[1] In the context of jury instructions in a civil case,

> [p]lain error review is an extremely stringent form of review. . . . [R]eversal for plain error in the jury instructions or verdict form will occur only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice. To meet this stringent standard, a party must prove that the challenged instruction was an incorrect statement of the law and [that] it was probably responsible for an incorrect verdict, leading to substantial injustice. This element is satisfied if a party proves that the instruction will mislead the jury or leave the jury to speculate as to an essential point of law. In other words, the error of law must be so prejudicial as to have affected the outcome of the proceedings.

---

[1] We note Warner argues there is a distinction between § 1981 and § 1983 cases for the first time on appeal. We do not consider this argument. Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 912 (11th Cir. 2007); see also Formby v. Farmers & Merchants Bank, 904 F.2d 627, 633 n.10 (11th Cir. 1990) (explaining that objecting on one ground does not preserve other, unstated objections for appeal).

Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329-30 (11th Cir. 1999)

(citations and internal quotation marks omitted).

In this case, the jury instruction as given would not have misled the jury. In fact, the instruction given was a correct statement of the law in this circuit. See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1313 (11th Cir. 2006). As such, Warner cannot show plain error.

Accordingly, we AFFIRM.