[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13439
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-60209-WPD

MATTHEW A. PAGAN,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF,
OFFICER SCOTT ISRAEL,
Broward Sheriff's Office,
ARMOR CORRECTIONAL HEALTH, INC.,
MEDICAL HEALTH CARE FOR BROWARD COUNTY JAIL,
OLOSMAR,
Commissary Company for Broward County Jail, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 19, 2018)

Before WILLIAM PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Pagan, a prisoner proceeding *pro se*, appeals a jury verdict in favor of the Broward County Sheriff's Office in his 42 U.S.C. § 1983 action for violation of his First Amendment right to access to the court.  He raises five claims on appeal, contending that the district court (1) violated his Sixth Amendment rights by denying his request for recess or adjournment to allow his lawyers to review voluminous, untimely discovery produced at trial, thereby constructively denying him the effective assistance of counsel; (2) abused its discretion in denying the recess; (3) erred by declining to give the jury a curative instruction after opposing counsel discussed inadmissible evidence on cross-examination; (4) erred by failing to question a juror who allegedly slept through part of the trial; and (5) gave jury instructions that impermissibly deviated from applicable law.  Having found no reversible error, we affirm.

## I

Pagan first contends that the district court should have granted his request to recess for the day to allow his lawyers to "review several hundred pages of never before seen documents submitted by the Appellee the day of trial"—specifically, Pagan's medical file, relevant personnel files, and contact logs kept by the Sheriff's office.  The alleged error, Pagan contends, is serious enough to violate his

2

Sixth Amendment rights, and also qualifies as an abuse of discretion by the district court.

A plaintiff in a civil case has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Pagan's § 1983 claim is a civil action. Accordingly, the district court could not have (even constructively) violated Pagan's Sixth Amendment rights.

Pagan correctly recognizes that we review district courts' decisions to manage their dockets for abuse of discretion. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863–64 (11th Cir. 2004). District courts have unquestionable authority to control their own dockets and are afforded broad discretion in deciding how to best manage the cases before them. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). This discretion is not boundless, however, and we will find an abuse where the objecting party shows "specific substantial prejudice." *United States v. Jeri*, 869 F.3d 1247, 1257 (11th Cir.), *cert. denied*, 138 S. Ct. 529 (2017).

Our decision in *Jeri* is instructive here, as it also involved a request to review evidence received the day of trial. *Id.* at 1258. In that case, we found no abuse of discretion when the district court denied the request for a short continuance even when the defendant received a video that allegedly contained exculpatory evidence. *Id.* Though we suggested that it "would have been wiser to grant a continuance or at least short recess," we nevertheless affirmed because the

3

defendant had not shown "specific or substantial prejudice" caused by the denial. *Id.* at 1257–58.

As in *Jeri*, even if we were to conclude that it would have been prudent for the district court judge to grant Pagan's request for a recess, he has not shown that he was prejudiced by the denial.  First, because two attorneys represented Pagan at trial, one had the opportunity to review the documents during trial while the other directly examined a witness.  Second, and more importantly, Pagan has not demonstrated that anything in those documents had the potential to change the outcome of the trial.  It thus appears that any error was harmless, as it did not affect Pagan's substantial rights.  *See* Fed. R. Civ. P. 61.

## II

Additionally, Pagan asserts that the district court erred by failing to give the jury a curative instruction after opposing counsel asked Pagan's only witness, Semie Robinson, about the details of his prior murder conviction.  Specifically, after Robinson testified that he had been found guilty of first-degree murder, opposing counsel asked "[a]nd that was shooting a cab driver?" The district court sustained Pagan's objection on relevance grounds, but it declined to give the jury a curative instruction to disregard the question.

We give district courts considerable discretion to monitor and address attorneys' arguments and, absent an abuse of discretion, will not disturb their

4

decisions doing so. *Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988). We consider, among other things, the entire examination, the context of the remarks, and the objection raised to determine whether the "remarks were such as to impair gravely the calm and dispassionate consideration of the case by the jury." *Id.* (internal quotation marks omitted). We recognize that a district court is in the best position to hear such remarks in context and to assess their effect on the jury. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1474 (11th Cir. 1992).

Here, we cannot say that it is probable that the failure to give curative instructions substantially influenced the jury's verdict. *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1352 (11th Cir. 2007) (an error affects a party's substantial rights when it probably had a substantial influence on the jury's verdict). Though Robinson's credibility, as Pagan's only testifying witness, was important to this case, the parties had already stipulated that he had five prior felony convictions, including for first-degree murder. It is unlikely, then, that a single unanswered question about the victim substantially influenced the jury's verdict. *Id.* Accordingly, we conclude that the district court did not reversibly err by not providing the curative instructions here.

### III

Next, Pagan argues that the district court erred by making "no attempt to

5

take curative action or conduct voir dire of [a] juror to find out if he [was] actually sleeping." We review cases of alleged juror misconduct on a case-by-case basis. *Garcia v. Murphy Pac. Marine Salvaging Co.*, 476 F.2d 303, 306 (5th Cir. 1973).

We will not lightly disturb the findings of the trial judge, who is in the "best position to determine the extent of [a juror's] inattention." *United States v. Aguilar*, 188 F. App'x 897, 900 (11th Cir. 2006). In particular, we give considerable weight to a district court's finding that a juror was not asleep, even if it initially appeared that he or she was. *See United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (finding that the district court was "well within its discretion" not to further question a juror alleged to have been sleeping because "each time the defense objected to the inattention of certain jurors, the trial judge specifically found that no jurors had been asleep at trial"); *United States v. Holder*, 652 F.2d 449, 451 (5th Cir. Unit B 1981) (holding that the district court did not abuse its discretion by failing to voir dire juror because "[t]he court's remarks demonstrate that the court had observed the juror in question and that it concluded that the juror was not in fact asleep").

Here, when informed of the possibility that the juror was sleeping, the district court determined—after personally observing the juror—that he "closes his eyes every now and then, but he's not sleeping." We decline to second-guess that factual determination here, and therefore conclude that the district court did not err

6

in declining to voir dire the allegedly sleeping juror.  *See Garcia*, 476 F.2d at 306 (declining to disturb the district court's judgement that a juror merely "kept her eyes closed frequently" during the trial because "[t]here was no evidence offered that the juror was in fact asleep or inattentive").

## IV

Finally, Pagan argues—for the first time on appeal—that the district court's instructions were "confusing" and thus "misled the jury."  Though we generally review jury instructions *de novo* to determine whether they misstate the law, *Palmer v. Board of Regents of University System of Georgia*, 208 F.3d 969, 973 (11th Cir. 2000), a  jury instruction challenged for the first time on appeal is reviewed for plain error.  *Maiz v. Virani*, 253 F.3d 641, 676 (11th Cir. 2001).  Under plain error review, we will reverse only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice.  *Farley v. Nationwide Mut.  Ins. Co.*, 197 F.3d 1322, 1329–30 (11th Cir. 1999).

Even assuming that the district court plainly erred here, Pagan has waived his opportunity to challenge the jury instructions under the doctrine of invited error.  "Federal courts generally will not find that a particular instruction constitutes plain error if the objecting party invited the alleged error by requesting the substance of the instruction given."  *Wood v. President & Trs. of Spring Hill Coll. in City of Mobile*, 978 F.2d 1214, 1223 (11th Cir. 1992).  Pagan filed the jury

instruction ultimately used by the district court, and he objected neither to the manner in which the district court gave the jury instruction nor to its content. Because Pagan invited the alleged error, the district court did not reversibly err.

**AFFIRMED.**