# United States Court of Appeals for the Federal Circuit

2006-1570

ACCO BRANDS, INC. (doing business as Kensington Technology Group),

Plaintiff-Appellee,

v.

ABA LOCKS MANUFACTURER CO., LTD.,

Defendant,

and

BELKIN COMPONENTS,

Defendant-Appellant.

Richard L. Stanley, Howrey LLP, of Houston, Texas, argued for plaintiff-appellee. With him on the brief were Henry C. Bunsow, K.T. Cherian, and Brian A. E. Smith, of San Francisco, California. Of counsel was Courtney Towle of Houston, Texas.

Lawrence G. Kurland, Bryan Cave LLP, of New York, New York, argued for defendant-appellant. With him on the brief were Joseph J. Richetti and George C. Chen, of Phoenix, Arizonia.

Appealed from: United States District Court for the Eastern District of Texas

Judge T. John Ward

# United States Court of Appeals for the Federal Circuit

2006-1570

ACCO BRANDS, INC. (doing business as Kensington Technology Group),

Plaintiff-Appellee,

v.

ABA LOCKS MANUFACTURER CO., LTD.,

Defendant,

and

BELKIN COMPONENTS,

Defendant-Appellant.

_____

DECIDED: September 12, 2007
_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

Belkin Components ("Belkin") appeals from the judgment of the United States District Court for the Eastern District of Texas following a jury verdict in favor of ACCO Brands, Inc. d/b/a Kensington Technology Group ("ACCO") of willful induced infringement of U.S. Patent 5,502,989 (the "'989 patent"). Belkin also appeals from the court's grant of enhanced damages and attorney fees, its denial of judgment as a matter of law that the patent is invalid and unenforceable, and its claim construction order. Because the jury verdict of direct infringement was not supported by substantial

evidence, we reverse the district court's judgment with respect to inducement, and vacate the court's judgment with respect to willfulness, enhanced damages, and attorney fees. Because we find no grounds for reversible error as to the remaining issues, we affirm those aspects of the court's decision.

BACKGROUND

ACCO is the owner of U.S. Patents 5,493,878 (the "'878 patent"), 6,006,557 (the "'557 patent"), and the '989 patent. The patents in suit are entitled "Computer Physical Security Device," and are directed to locking systems that "inhibit[] the theft of equipment such as personal computers." '878, '557, and '989 patents, Abstract. The '989 patent was the subject of an appeal that was previously before us. In <u>ACCO Brands, Inc. v. Micro Security Devices, Inc.</u>, 346 F.3d 1075 (Fed. Cir. 2003), we construed a key limitation that is at issue in this appeal. Claim 10 of the '989 patent, a representative claim, reads as follows:

> A locking system comprising:
>
> a portable electronic device including an exterior wall defining a security slot;
>
> cable means for attaching to a first object other than to the portable electronic device;
>
> a housing, proximate to said electronic device and including a slot engagement member having a slot engaging portion provided with a locking member having a peripheral profile complementary to preselected dimensions of said security slot to thereby permit said locking member to extend into said slot, said slot engagement member being rotatable between an unlocked position wherein said locking member is removable from the slot, and a locked position wherein said locking member is retained within the slot;
>
> <u>a pin, coupled through said housing, for extending into said security slot proximate said slot engaging portion when said slot engagement member</u>

<u>is in said locked position to thereby inhibit rotation of said slot engagement member to said unlocked position</u>; and

means, coupled to said housing, for attaching said cable to said housing.

'989 patent Reexamination Certificate col.2 ll.13-37 (emphasis added). In <u>ACCO Brands</u>, we upheld the district court's claim construction with regard to the pin limitation of claim 10. The district court concluded, and we agreed, that that limitation requires the pin to extend through the security slot after the slot engagement member is rotated to its locked position, thus prohibiting rotation into its unlocked position. 346 F.3d 1079-80.

ABA Locks Manufacturer Co., Ltd. ("ABA") is a Taiwan-based manufacturer of the accused products in this case, <u>viz.</u>, the K100 ("key lock") and the C100 ("combo lock"). Belkin is a California-based distributor of the key lock and combo lock in the United States. In May 2002, ACCO sued ABA and Belkin (collectively "defendants") in the United States District Court for the Eastern District of Texas alleging that both the key lock and combo lock infringe the asserted claims of the patents in suit. In January 2004, the district court construed the disputed claim limitations, and defendants moved for summary judgment. Aided by our <u>ACCO Brands</u> decision, the court granted summary judgment that the combo lock did not infringe either the '989 or '878 patents, and that the key lock did not infringe the '878 patent. The court denied the remainder of defendants' motions.

A trial was held on May 17-20, 2004, in which a jury determined the remaining infringement and validity issues with respect to the '989 and '557 patents. At trial, the jury was informed that, based on the claim construction of the pin limitation, the key lock could essentially be operated in two ways, one infringing and the other noninfringing.

The infringing method was demonstrated at trial by ACCO's expert, Dr. Dornfeld, and thus was referred to as the "Dornfeld method." The noninfringing method, the "press-to-lock" method, was the method that Belkin instructed its customers to use in the instructions included in its key lock product. The parties agreed that when a user employs the press-to-lock method, direct infringement does not occur.

The jury found that defendants willfully induced infringement of the asserted claims of the '989 and '557 patents and rejected all invalidity defenses. The jury awarded damages against defendants, but did not apportion damages based on the type of lock. The defendants then moved for judgment as a matter of law, which the court granted in part. The district court granted judgment as a matter of law that the claims of the '557 patent were invalid, which resulted in the combo lock not infringing any of the asserted patents as a matter of law, and denied the remainder of defendants' motions. Because the jury's damages award was not apportioned separately for the key lock and the combo lock, and because the court previously determined that the combo lock did not infringe the '989 patent, the court set aside the damages verdict. In December 2005, a second jury trial was held to determine damages due to the key lock's infringement of the '989 patent. The second jury found that all of ABA and Belkin's key lock sales induced infringement and awarded damages against ABA in the amount of $1,822,000 and against Belkin in the amount of $253,000.

A bench trial on inequitable conduct was also held, and on March 28, 2006, the district court determined that defendants failed to prove that the patent was unenforceable. On that same day, the court also found the case exceptional under 35

U.S.C. § 285, and thus awarded enhanced damages and attorney fees. The court awarded treble damages against ABA and doubled the damages award against Belkin.

Belkin timely appealed.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### A. Jury Verdict of Induced Infringement

"The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." Summit Tech. Inc. v. Nidek Co., 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, the Court of Appeals "uses the same standard to review the verdict that the district court used in first passing on the motion." Hiltgen v. Sumrall, 47 F.3d 695, 699 (5th Cir. 1995). "A jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as the jury did." Id. at 700.

A determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury. TI Group Auto. Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C., 375 F.3d 1126, 1133 (Fed. Cir. 2004). "Whether infringement is willful is a question of fact, and the jury's determination as to willfulness is therefore reviewable under the substantial evidence standard." Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 822 (Fed. Cir. 1992) (citation omitted). Willful infringement must be proven by clear and convincing evidence and is determined from the totality of circumstances. Id. We review a district court's exceptional case finding for clear error, Pharmacia & Upjohn

---

[1] ABA did not file a notice of appeal and hence we have no basis to review the district court's damages award against it.

2006-1570                                   5

Co. v. Mylan Pharms., Inc., 182 F.3d 1356, 1358-59 (Fed. Cir. 1999), and an award of enhanced damages and attorney fees under an abuse of discretion standard. Electro Scientific Indus., Inc. v. Gen. Scanning Inc., 247 F.3d 1341, 1349 (Fed. Cir. 2001).

On appeal, Belkin argues that the jury's findings of induced infringement and willfulness are not supported by substantial evidence. According to Belkin, the record is devoid of any evidence that Belkin's customers actually used the ABA key lock in an infringing manner or that Belkin encouraged any of its customers to use the key lock in that way. Instead, Belkin asserts that the record shows that it had no knowledge of the infringing mode and that it instructed its customers to use the noninfringing press-to-lock method to operate the lock. Belkin further argues that the jury award of damages is unsupported by substantial evidence and that the district court abused its discretion by awarding enhanced damages and attorney fees.

ACCO responds that substantial evidence supports the jury's finding of induced infringement. According to ACCO, the record shows that key lock users will use the lock in an infringing manner at least some of the time because that configuration is the most natural and intuitive way to use the lock, in comparison with the press-to-lock method. ACCO contends that the record also supports the jury's finding of willfulness because, inter alia, Belkin had knowledge of the '989 patent, but failed to obtain its own noninfringement opinion. In addition, ACCO argues that the damages verdict was supported by substantial evidence and that the district court did not abuse its discretion in enhancing damages and awarding attorney fees.

We agree with Belkin that substantial evidence is lacking in the record to support the verdict that Belkin induced infringement of the '989 patent. Section 271(b) of the

Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). In order to prevail on an inducement claim, the patentee must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." Minn. Mining & Mfg. Co. v. Chemque, Inc., 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) (citation omitted). Specific intent requires a "showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part) (quoting Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 554 (Fed. Cir. 1990)).

The record shows that ACCO failed to prove the threshold requirement of direct infringement. In support of its assertion that direct infringement was proven, ACCO points to the expert testimony of Dr. Dornfeld, a set of instructions provided in ABA's key lock product that described the infringing method ("the ABA hang card"), and the jury's observations of the lock itself. ACCO contends that such evidence established that the key lock was capable of being used in an infringing manner, which Dr. Dornfeld testified was the "natural and intuitive way to employ the device." According to ACCO, the jury was entitled to accept Dr. Dornfeld's testimony and find that, at least some of the time, all users of the key lock would use it in an infringing manner.

ACCO's argument, however, is unpersuasive. In order to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit. See Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1275-76 (Fed. Cir. 2004). Here,

the parties do not dispute that the accused device can be operated in either of two modes—the infringing Dornfeld method or the noninfringing press-to-lock method. Because the accused device can be used at any given time in a noninfringing manner, the accused device does not necessarily infringe the '989 patent.

The record further shows that ACCO failed to point to specific instances of direct infringement. The sole witness at trial who testified to having used the lock in an infringing manner was ACCO's expert, Dr. Dornfeld. However, the record contains no evidence of actual users having operated the lock in an infringing manner. ACCO proffered no witness testimony of actual Belkin key lock users, or surveys of Belkin's customers, that would indicate that a user, aside from the expert retained for this particular litigation, directly infringed the '989 patent. Moreover, we are not persuaded by ACCO's assertion that Dr. Dornfeld's testimony combined with the ABA hang card provides substantial evidence of direct infringement. The record indicates that Belkin key lock users received instructions describing the noninfringing press-to-lock method and thus provides no basis for concluding that Belkin key lock users directly infringed the patent. Furthermore, Belkin did not provide the ABA hang card to purchasers. Indeed, the district court found in its enhanced damages determination that there was "no evidence that Belkin knew of the hang card or was involved in its preparation."

The lack of evidence of specific instances of direct infringement is further buttressed by Dr. Dornfeld's own testimony. When questioned about whether users other than himself used the lock in the infringing mode, Dr. Dornfeld had no opinion on that issue:

Q: Okay. Do you have any opinion as you sit here today on whether there are users other than yourself who operate the key lock in the alternate mode of operation?

A: I don't have any opinion on that, no.

* * *

Q: Now, it's true, isn't it, that you testified earlier in your deposition in this case that you are not aware of anyone else using the key lock in the alternate mode that you've proposed?

A: I didn't ask anybody if they did that, no. So I am not personally aware of anybody else doing it the way I do it.

Thus, based on the record before us, we find no evidence of direct infringement.

We are further unpersuaded by ACCO's reliance on Hilgraeve Corp. v. Symantec Corp., 265 F.3d 1336 (Fed. Cir. 2001), which states that an accused device may be found to infringe a product claim "if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation." Id. at 1343. That broad legal statement does not alter the requirement that ACCO must prove specific instances of direct infringement or that the accused device necessarily infringes the patent in suit, in order to sustain the jury verdict of induced infringement. Hypothetical instances of direct infringement are insufficient to establish vicarious liability or indirect infringement. See Dynacore, 363 F.3d at 1274. Moreover, as we stated in Dynacore, "[t]he mere sale of a product capable of substantial non-infringing uses does not constitute indirect infringement of a patent." Id. at 1275. Thus, ACCO's argument is unavailing.

Because we find that the record lacks substantial evidence to support the jury's finding of direct infringement, the jury verdict of inducement cannot stand, and the district court's denial of judgment as a matter of law must be reversed. See Linear

Tech. Corp. v. Impala Linear Corp., 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement."). In light of that conclusion, we further vacate the court's judgment with respect to willfulness, enhanced damages, and attorney fees.

B.    Remaining Issues

Belkin raises numerous other issues in its appeal including unenforceability, invalidity based on purported misjoinder, claim construction, and the district court's denial of its motion for leave to file a revised summary judgment motion. On appeal from a bench trial on inequitable conduct, we review "the trial court's findings of materiality and intent, the underpinnings of inequitable conduct, for clear error," and "the ultimate determination of inequitable conduct for an abuse of discretion." Agfa Corp. v. Creo Prods. Inc., 451 F.3d 1366, 1371 (Fed. Cir. 2006). A jury verdict on invalidity "must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as the jury did." Hiltgen v. Sumrall, 47 F.3d at 700. Claim construction is an issue of law, Markman v. Westview Instruments, Inc., 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), that we review de novo. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). A district court's decision to deny a motion for leave is a procedural issue not unique to patent law, and thus the regional law of the circuit applies. Madey v. Duke Univ., 307 F.3d 1351, 1358 (Fed. Cir. 2002). In the Fifth Circuit, a court's decision to deny a motion for leave is reviewed for abuse of discretion. See Moore v. Cockrell, 144 Fed. Appx. 397, 403 (5th Cir. 2005).

Based on our review of the record, we find no basis to reverse those findings. Accordingly, we affirm those aspects of the district court's decision.

CONCLUSION

For the foregoing reasons, we reverse the district court's judgment of induced infringement, and vacate the court's judgment with respect to willfulness, enhanced damages, and attorney fees.  We affirm all other aspects of the court's ruling.

<u>REVERSED IN PART, VACATED IN PART, and AFFIRMED IN PART</u>