NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1423, -1525

ADC TELECOMMUNICATIONS, INC.,

Plaintiff-Appellant,

v.

SWITCHCRAFT, INC.,

Defendant-Cross Appellant.

Alan G. Carlson, Carlson, Caspers, Vandenburgh & Lindquist P.A., of Minneapolis, Minnesota, argued for plaintiff-appellant. With him on the brief were Timothy A. Lindquist, Samuel A. Hamer, Joseph W. Winkels, and Rachel C. Hughey.

Don Howarth, Howarth & Smith, of Los Angeles, California, argued for defendant-cross appellant. With him on the brief was Suzelle M. Smith.

Appealed from: United States District Court for the District of Minnesota

Judge Patrick J. Schiltz

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1423, -1525

ADC TELECOMMUNICATIONS, INC.,

Plaintiff-Appellant,

v.

SWITCHCRAFT, INC.,

Defendant-Cross Appellant.

Appeals from the United States District Court for the District of Minnesota in case no. 04-1590, Judge Patrick J. Schiltz.

DECIDED: June 16, 2008

Before SCHALL and PROST, <u>Circuit Judges</u>, and WARD, <u>District Judge</u>.[*]

SCHALL, <u>Circuit Judge</u>.

DECISION

Plaintiff-Appellant ADC Telecommunications, Inc. ("ADC") appeals from the final

judgment of the United States District Court for the District of Minnesota, following a jury

---

[*]    Honorable T. John Ward, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

trial, that Defendant-Cross Appellant Switchcraft, Inc. ("Switchcraft") did not infringe United States Patent No. 6,045,378 ("the '378 patent"). We affirm.

## DISCUSSION

### I

ADC's '378 patent is directed to a "Switching Coaxial Jack with Impedance Matching." Impedance is the measure of a component's opposition to the flow of an electrical signal; impedance between communications devices must be matched to avoid signal loss and distortion. Newer technologies, such as in digital and high definition televisions, require greater impedance matching due to the transmission of higher frequency signals and greater volumes of data. The '378 patent claims a switching coaxial jack device that utilizes inwardly projecting fins to provide improved impedance matching between the jack and its connected cables. Independent claim 1 refers to each of these fins as a "waveguide," while independent claim 16 recites a "plurality of projections . . . positioned to provide impedance matching."

### II

In 2004, ADC filed suit against Switchcraft, alleging infringement of claims 1 and 16 of the '378 patent. After a Markman hearing, the district court issued an order on September 9, 2005, setting forth its construction of the disputed claim limitations, "waveguide" in claim 1 and the "projections . . . positioned to provide impedance matching" in claim 16. ADC subsequently filed a motion in limine asking the court to rule, as a matter of law, that the only proper method of testing for infringement of the disputed limitations was to compare the impedance matching of the accused jacks first with, and then without, their waveguides or projections. The court denied ADC's

motion, agreeing with Switchcraft that the proper testing method was a factual question for the jury.

At trial, the only infringement issue was whether the disputed limitations, "waveguide" and "projections . . . positioned to provide impedance matching," were present in Switchcraft's accused devices. The parties disagreed over the proper testing method for infringement. ADC introduced evidence comparing the impedance matching in Switchcraft's accused devices with and without the waveguides and projections, to demonstrate that the presence of those structures improved impedance matching. Switchcraft countered with test results generated by an alternative method, and also argued that ADC's testing method was flawed because it did not remove the fins' surrounding slots, which themselves, Switchcraft contended, affected impedance matching. Thus, according to Switchcraft, ADC's test results reflected the combined effects of both fins and slots on impedance matching, and did not properly isolate the effect of fins alone.

During trial, ADC moved for judgment as a matter of law ("JMOL") that as a matter of claim construction claims 1 and 16 required the use of its testing method; ADC also requested jury instructions to that effect. The district court denied ADC's requests, ruling that the proper test for infringement was a factual issue for the jury. The jury ultimately returned a verdict that the '378 patent was not infringed. The jury also returned a provisional verdict that had Switchcraft infringed, ADC's total damages would have amounted to $1,086,000.

Following the jury verdict, ADC renewed its motion for JMOL of infringement, and also moved for a new trial on infringement and damages. The district court denied both of those motions, and this appeal followed.

III

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). A determination of infringement requires a two-step analysis. "First, the court determines the scope and meaning of the patent claims asserted. . . . [Second,] the properly construed claims are compared to the allegedly infringing device." Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc) (citations omitted). Step one, claim construction, is an issue of law, Markman v. Westview Instruments, Inc., 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996), that we review de novo, Cybor, 138 F.3d at 1456. Step two, comparison of the claim to the accused device, requires a determination that every claim limitation or its equivalent be found in the accused device. See Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997). Infringement is a question of fact, reviewed for substantial evidence when tried to a jury. ACCO Brands, Inc. v. ABA Locks Mfrs. Co., 501 F.3d 1307, 1311 (Fed. Cir. 2007). This court reviews a denial of a motion for JMOL de novo by reapplying the JMOL standard. See Read Corp. v. Portec, Inc., 970 F.2d 816, 821 (Fed. Cir. 1992). Under this standard, we can reverse a denial of a motion for JMOL only if the jury's factual findings are not supported by substantial evidence or if the legal conclusions implied from the jury's verdict cannot in law be supported by those findings. See Kearns v. Chrysler Corp., 32 F.3d 1541, 1547-48 (Fed. Cir. 1994). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. Nat'l Labor Relations Bd., 305 U.S. 197, 229 (1938).

On appeal, ADC argues that it was entitled to JMOL of infringement. Alternatively, it contends that it is entitled to a new trial on the issue of infringement. It also contends that it is entitled to a new trial on damages. Switchcraft has filed a conditional cross-appeal, seeking a new trial on validity should we disturb the judgment of noninfringement.

IV

First, ADC argues that the parties' dispute over the proper testing method was a legal question of claim construction for the court, rather than a factual question of infringement for the jury. According to ADC, the '378 patent's claims and specification make clear that the proper testing method requires a comparison between a device's impedance matching with, and without, its fins. We disagree. The language of asserted claims 1 and 16 describes the claimed switching jacks only in structural terms, and does not mention, much less require, any particular testing method for the disputed limitations. The specification also lacks any clear indication that a particular testing method is required. "Because the claim language does not require a particular form of testing, this inquiry is not a claim construction question, which this court reviews de novo. Rather, this court reviews this inquiry as a question of fact." Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., 425 F.3d 1366, 1377 (Fed. Cir. 2005). The parties' dispute over the proper testing method is therefore a factual question that the district court properly submitted to the jury.

Second, ADC argues that even under the district court's claim construction, it was entitled to JMOL of infringement because the jury verdict of noninfringement is unsupported by substantial evidence. According to ADC, Switchcraft's competing testing method and its criticisms of ADC's own method are both inadequate to support the jury verdict. We again disagree with ADC's contentions. As an initial matter, we need not address the merits of Switchcraft's testing method, because it was ADC's burden as the patentee to introduce preponderant evidence of infringement, rather than Switchcraft's burden to present evidence of noninfringement. See Biovail Corp. Int'l v. Andrx Pharms., Inc., 239 F.3d 1297, 1302 (Fed. Cir. 2001). Furthermore, we find substantial evidence supporting the jury verdict of noninfringement, in the form of Switchcraft's criticisms of ADC's testing method presented at trial. Switchcraft's expert, Steve Cooper, testified at trial that ADC's testing method was flawed because it removed only the fins without also removing the slots, and thus ignored the slots' effect on impedance. Accordingly, Switchcraft argued that because ADC's test results reflected the combined effects of both fins and slots, ADC had failed to establish that it was the fins (and not the slots) in Switchcraft's devices that were responsible for any improved impedance matching, as required by the claims. Although ADC attacks the scientific validity of Switchcraft's criticisms, we "must draw all reasonable inferences in favor of the prevailing party, and not make credibility determinations or substitute our view of the conflicting evidence for that of the jury." Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc., 344 F.3d 1186, 1192 (Fed. Cir. 2003). Here, a reasonable jury could have accepted Mr. Cooper's testimony and concluded that ADC had failed to introduce preponderant evidence that the accused devices' improved

impedance matching was a result of their fins rather than their slots.  The district court therefore properly denied ADC's motion for JMOL on the issue of infringement.

Because the district court did not err in denying ADC JMOL on the issue of infringement, we need not address ADC's damages appeal or Switchcraft's conditional cross-appeal.

For the foregoing reasons, the final judgment of the district court is affirmed.