NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CELLTRUST CORP.,**
*Plaintiff-Appellant*

**v.**

**MYREPCHAT, LLC, FKA IONLAKE, LLC, DERRICK GIRARD, WADE GIRARD,**
*Defendants-Appellees*

---

2023-2057

---

Appeal from the United States District Court for the District of Minnesota in No. 0:19-cv-02855-WMW-DJF, Judge Wilhelmina M. Wright.

---

Decided:  January 21, 2026

---

CHRISTOPHER D. BRIGHT, Snell & Wilmer, LLP, Costa Mesa, CA, argued for plaintiff-appellant.  Also represented by JING HUA.

PATRICK M. ARENZ, Robins Kaplan LLP, Minneapolis, MN, argued for defendants-appellees.  Also represented by BRENDA L. JOLY, EMILY ELIZABETH NILES.

---

Before PROST and CUNNINGHAM, *Circuit Judges*, and ANDREWS, *District Judge*.[1]

CUNNINGHAM, *Circuit Judge*.

CellTrust Corporation ("CellTrust") appeals the United States District Court for the District of Minnesota's judgment and its (1) denial of its motion for judgment as a matter of law ("JMOL") of infringement and validity of the asserted claims of U.S. Patent No. 9,775,012 ("'012 patent") and U.S. Patent No. 10,778,837 ("'837 patent"); and (2) denial of CellTrust's motion for a new trial and to alter or amend judgment. *CellTrust Corp. v. ionLake, LLC*, No. 19-CV-2855 (WMW/DJF), 2023 WL 8448792, at \*14 (D. Minn. Dec. 6, 2023) ("*Decision*"); *see also* J.A. 6075–83. For the reasons below, we *affirm-in-part*, *vacate-in-part*, and *remand*.

Because the parties are familiar with the general background facts of this case, we focus only on the facts relevant to our discussion here. CellTrust is the owner of the '012 and '837 patents, which claim systems and methods for tracking electronic communications. *See, e.g.*, '012 patent col. 35 ll. 54–65, col. 37 l. 37 to col. 38 l. 7; '837 patent col. 42 l. 55 to col. 43 l. 2, col. 44 ll. 22–46. CellTrust asserts claims 1, 7, 20, and 23 of the '012 patent and claims 1, 3, 20, and 22 of the '837 patent. The asserted claims require sending communications from a server or gateway to an electronic discovery system or enterprise information archiving system. *See, e.g.*, '012 patent col. 35 ll. 54–65, col. 37 l. 37 to col. 38 l. 7; '837 patent col. 42 l. 55 to col. 43 l. 2, col. 44 ll. 22–46.

---

[1]    Honorable Richard G. Andrews, District Judge, United States District Court for the District of Delaware, sitting by designation.

CellTrust timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

## I. DISCUSSION

On appeal,[2] CellTrust argues that the district court erred in: (1) issuing an erroneous post-trial claim construction, Appellant's Br. 16–56; (2) refusing to instruct the jury on its proposed instruction on corroboration, *id.* at 56–64; (3) denying JMOL for Defendants' failure to comply with the corroboration requirement, *id.* at 65–76; (4) concluding that the jury could reach a finding of obviousness based on prior art combinations not presented to the jury, *id.* at 76–79; and (5) entering judgment as to all claims of the '012 and '837 patents, rather than just the asserted claims, *id.* at 79.

## A.

We first address whether the district court erred in denying JMOL of infringement of the asserted claims of the '012 and '837 patents. CellTrust argues that the district court erred in issuing an erroneous post-trial claim construction that improperly imported the limitation "directly" into the asserted claims' "sending" limitations. Appellant's Br. 16–56.

The grant or denial of a motion for JMOL is a procedural issue that we review under the law of the applicable regional circuit. *ACCO Brands, Inc. v. ABA Locks Mfr. Co.,*

---

[2] While the appeal was pending, CellTrust moved to take judicial notice of certain aspects of the intrinsic evidence of the '012 and '837 patents. *See* ECF No. 45. At oral argument, CellTrust conceded that its motion for judicial notice is moot because it does not affect the outcome. Oral Arg. 15:43–16:20, https://www.cafc.uscourts.gov/oral-arguments/23-2057_09052025.mp3. Accordingly, we deny as moot CellTrust's motion for judicial notice.

501 F.3d 1307, 1311 (Fed. Cir. 2007). The Eighth Circuit reviews "de novo the district court's decision to deny judgment as a matter of law." *Shaw Grp., Inc. v. Marcum*, 516 F.3d 1061, 1064 (8th Cir. 2008). "A determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury." *ACCO Brands*, 501 F.3d at 1311.

We need not address CellTrust's claim construction argument because it failed to timely raise it. A party must object to an error in a claim construction "before the jury retires in order to preserve the claim of error on appeal." *Ecolab Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1369 (Fed. Cir. 2002). CellTrust did not ask the district court to construe "sending" during claim construction. J.A. 5818–52. CellTrust also did not object to the claim constructions given to the jury. J.A. 7297 at 1370:6–8; J.A. 7666–68. Thus, the jury was entitled to apply the jury instructions it was given and "find, as a factual matter" whether the claims were infringed as written. *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1322–25 (Fed. Cir. 2016) (holding that a failure to "request a new or modified claim construction" doomed an appeal, despite a "Rule 50(a) motion for JMOL" that "present[ed] the issue as a factual one.").

Under the jury instructions as given, substantial evidence supports the jury's verdict. A reasonable jury could have returned a verdict of noninfringement based on the evidence presented at trial because "it was not unreasonable for the jury to discredit the testimony of [CellTrust's] expert and find that the [asserted claims of the '012 and '837] patents were not infringed." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011); *Niemiec v. Union Pac. R.R. Co.*, 449 F.3d 854, 859 (8th Cir. 2006) ("The jury was entitled to determine what weight, if any, to give any of the expert testimony offered by the parties."). Specifically, CellTrust's technical expert testified that he did not look at the software or source code

on any of the accused MyRepChat servers, J.A. 6645–46 at 718:13–719:5, 719:20–720:2; he would not have been able to read code, J.A. 6634 at 707:1–3; and he did not know how the communications are sent from the accused MyRepChat server once it leaves the server. J.A. 6650 at 723:3–9. A reasonable jury could have concluded that such testimony leaves open the question of whether the accused MyRepChat server directly infringes the "sending" limitations of the asserted claims. Accordingly, we affirm the district court's denial of JMOL as to direct infringement of the asserted claims of the '012 and '837 patents.[3]

## B.

We next address whether the district court erred in: (1) refusing to instruct the jury on CellTrust's proposed instruction on corroboration, Appellant's Br. 56–64; and (2) denying JMOL that the asserted claims of the '012 and '837 patents are valid, *id.* at 65–79. CellTrust specifically argues that, at a minimum, it "is entitled to a new trial with a corroboration jury instruction." *Id.* at 80.

We review a district court's decision on a motion for a new trial under the law of the regional circuit. *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 975 (Fed. Cir. 2022). The Eighth Circuit "review[s] the district court's denial of a new trial for abuse of discretion." *Nicholson v. Biomet, Inc.*, 46 F.4th 757, 762 (8th Cir. 2022). In reviewing jury instructions, we also apply the law of the applicable regional circuit, here the Eighth Circuit. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004). The Eighth

---

[3] We also affirm the district court's denial of JMOL as to indirect infringement of the asserted claims of the '012 and '837 patents. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004) ("[Appellant's] failure to prove direct infringement . . . necessarily dooms its allegations of indirect infringement").

Circuit "appl[ies] a deferential standard when reviewing a district court's jury instructions, reversing only for an abuse of discretion." *Thomlison v. City of Omaha*, 63 F.3d 786, 790–91 (8th Cir. 1995). "In considering the failure of a district court to give a requested instruction, the omission is error only if the requested instruction is correct, not adequately covered by the charge given, and involves a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case." *Id.* (quoting *Wood v. President & Trustees of Spring Hill College*, 978 F.2d 1214, 1222 (11th Cir. 1992)). Furthermore, "[i]n reviewing the jury verdict of obviousness, we review whether the jury was correctly instructed on the law, and whether there was substantial evidence whereby a reasonable jury could have reached its verdict upon application of the correct law to the facts, recognizing that invalidity must be proved by clear and convincing evidence." *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1563 (Fed. Cir. 1997) (internal citations omitted).

We reject CellTrust's argument that the district court erred in denying JMOL for Defendants' alleged failure to comply with the corroboration requirement because even if the district court erred in rejecting CellTrust's proposed corroboration instruction, any error was harmless and CellTrust's ability to present its case was not seriously impaired. *See Ecolab*, 285 F.3d at 1374 ("When [any] error in a jury instruction 'could not have changed the result, the erroneous instruction is harmless." (quoting *Environ Prods., Inc. v. Furon Co.*, 215 F.3d 1261, 1266–67 (Fed. Cir. 2000)). Defendants' technical expert testified that Google's suite of products (Voice, Gmail, and Vault) and the Attanasio patent application rendered each asserted claim obvious. *See, e.g.*, J.A. 7164–7171 at 1237:16–1244:10; J.A. 7174–7222 at 1247:2–1295:2; J.A. 7224–25 at 1297:22–1298:9. CellTrust argues that Defendants' technical expert "admittedly gave no corroboration for his alleged personal use of a combination of three Google

products." Appellant's Br. 65. However, as the district court determined, Defendants' technical expert's testimony was sufficiently corroborated through circumstantial evidence, other witnesses, and trial exhibits. *Decision* at \*4; *see TransWeb, LLC v. 3M Innovative Props. Co.*, 812 F.3d 1295, 1301 (Fed. Cir. 2016) ("The corroborating evidence can include documents and testimonial evidence. . . . Circumstantial evidence can be sufficient.") (internal citations omitted). For example, CellTrust's technical expert conceded that he reviewed various articles about the Google prior art. *See, e.g.*, J.A. 7409–10 at 1481:8–1482:21; J.A. 7413–14 at 1485:21–1486:12. In addition, the Gardner Magic Quadrant exhibit describes the Google system as available since 2012, including Google Vault. J.A. 8292–93. Thus, the failure to present a corroboration instruction did not seriously impair CellTrust's ability to present its case, and we affirm the district court's denial of JMOL that the asserted claims of the '012 and '837 patents are valid.

## C.

CellTrust argues that the district court erred in entering judgment as to all claims of the '012 and '837 patents, rather than just the asserted claims. Appellant's Br. 79. We agree. The district court made a blanket ruling that each of the '012 and '837 patents in its entirety was invalid or not infringed when the case was not focused on all the claims of the asserted patents. *See* J.A. 14. Instead, the verdict itself focused on the asserted claims. J.A. 6075–83. Therefore, we remand for the district court to correct this clerical error in the judgment, so that it aligns with the verdict and is limited to the specific asserted claims of the asserted patents. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment . . . . on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate

court and while it is pending, such a mistake may be corrected only with the appellate court's leave.").

## II. CONCLUSION

We have considered CellTrust's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm-in-part* the judgment of no infringement and invalidity as well as the decisions on JMOL and a new trial. We *vacate-in-part* the judgment and *remand* for the limited purpose of correcting the judgment to just address the asserted claims of the asserted patents.[4]

### AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

COSTS

Costs to Appellees.

---

[4] Accordingly, we do not reach Appellees' argument that 35 U.S.C. § 101 provides an alternative ground for affirming the district court's judgment of invalidity. *See* Appellees' Br. 60–67.